KATHLEEN BLISS, ESQ.
Nevada Bar No. 7606
kb@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

*Attorney for Michael Goldman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL STEVEN GOLDMAN,<br><br>            Defendant. | CASE NO. 2:13-108-GMN-VCF<br><br>**APPLICATION AND AFFIDAVIT IN SUPPORT FOR PRESENTENCING REPORT WITH PROPOSED ORDER** |

Defendant, Michael Steven Goldman submits this Application pursuant to Local Rule 32-2(c) for an order authorizing the release of his Presentence Report to Kathleen Bliss Esq., counsel for defendant, showing the Court as follows:

1. On March 21, 2014, the Court sentenced Mr. Goldman to a sixty-month term of imprisonment, followed by 10 years of supervised release. ECF No. 40. A presentencing report was prepared for the Court by the United States Probation Office, consistent with Fed. R. Crim. P. 32(c) and (d).

2. On September 23, 2022, Kathleen Bliss, Esq, filed her designation of retained counsel. ECF No. 43. This is counsel's first engagement of representation for Mr. Goldman.

3. Mr. Goldman requests that this Court enter an order authorizing his new counsel access to his Presentence Report, to assist her in her representation of him. Review includes an

assessment of the early termination of his supervised release, as allowed by 18 U.S.C. § 3583 (e) and Fed.R.Crim.P. 32.1(c).

4.   Local Rule 32-2(c) provides:

(c) Application for Disclosure of Presentence Investigation Reports or Supervision Records for Purposes Other than Sentencing.

(1) The presentence investigation report, supporting documents, and supervision records may be disclosed for purposes other than sentencing of the defendant only upon written application accompanied by an affidavit describing the records sought, explaining their relevance to the proceedings, and stating the reasons the information contained in the records is not readily available from other sources or by other means. If the request does not comply with this rule, the determining official may deny the request or request additional information.

5.   An affidavit of counsel Kathleen Bliss is submitted in support of this Application, as required by LR 32-2(c), describing the necessity and relevance of the PSR to counsel's representation and why the information contained (or not contained) in the PSR is not readily available from other sources. Should this Court require more specificity than that contained in Ms. Bliss's Affidavit, defendant requests that the Court order a hearing *ex parte*, in camera. *See generally, United States v. Clegg*, 740 F.2d 16, 17 (9th Cir.1984) (observing that the district court permitted the defendant to file an *ex parte*, in camera submission to the Court to support its discovery requests); *United States v. Poindexter*, 727 F.Supp. 1470, 1479 n. 16 (D.D.C. 1989) (permitting the defendant to file an *ex parte* submission so that the defendant would not have to "reveal to the prosecution the theories of his defense"); *United States v. North*, 698 F.Supp. 322, 324 (D.D.C.1988) (court conducted an in camera, *ex parte* hearing with the defense so they could argue why certain documents were discoverable). Defendant recognizes that these cases concern "discovery" under Fed. R. Crim P. 16, and that this request concerns a request for a report prepared for and maintained by this Court. However, the tenets of the work product doctrine, to protect the thoughts and impressions and strategies of counsel remain the same and transform not from

criminal to civil to regulatory proceeding. *See, e.g., Upjohn v. U.S.* 383, 400-401 (1981).

Dated this 2nd day of October 2022.

                                        Respectfully submitted,

                                        KATHLEEN BLISS LAW PLLC

                                        */s/ Kathleen Bliss*
                                        KATHLEEN BLISS, ESQ.
                                        Nevada Bar No. 7606
                                        1070 W. Horizon Ridge Pkwy., Suite 202
                                        Las Vegas, Nevada 89012
                                        Telephone: 702.463.907

**AFFIDAVIT IN SUPPORT OF APPLICATION**

1. I, Kathleen Bliss, submit this Affidavit in support of an Application for release of the Presentencing Report prepared by the United States Probation Office in *United States v. Michael Steven Goldman,* Case No. 2:13-cr-108-GMN-VCF.

2. I am a licensed attorney in good standing in the States of Nevada and Oklahoma. I have been licensed to practice law since 1989, when I was admitted by the State Bar of Oklahoma. I have been practicing law in the District of Nevada since December 2000, first as an Assistant United States Attorney for the District of Nevada and then as an attorney in private practice since August 2012.

3. In around July 20, 2022, I was contacted by Mr. Goldman, requesting my representation of him. After conferring with Mr. Goldman, I filed a designation of retained counsel on September 23, 2022.  ECF No. 43.  This is my first engagement to represent Mr. Goldman.

4. The record shows, *inter alia*, that on March 21, 2014, Mr. Goldman received and then served a sentence of 60 months imprisonment.  ECF No. 40. A presentencing report was prepared for the Court in accordance with Fed. R. Crim. P. 32.  A term of 10 years supervised release was also imposed, and over five years of supervision has now been completed successfully.

5. Review of the PSR is necessary to fully and competently assess whether a motion for modification of the ten-year term may be filed. The PSR contains confidential information that was available only to the Court, prior counsel of record, the government, and United States Probation relative to the sentencing of defendant, including but not limited to a description of the charges and conduct underlying it, defendant's criminal history, his mental health information and his family circumstances. While such information could arguably be cobbled together from other sources, it is not a certainty. Importantly, I need to see exactly what this Court reviewed in

imposing its sentence.

6. Because a more exacting description of my thoughts and strategy undermines the work product privilege, I respectfully request that, if this Court requires further details, the Court set the matter for an *ex parte*, in camera hearing.

I declare under penalty of perjury under that the forgoing is true and correct under 28 U.S.C. § 1746.

_____

Kathleen Bliss, Nevada Bar No. 7606
and Oklahoma Bar No. 13625
Attorney for Michael Steven Goldman

Dated October 2, 2022

**ORDER**

Based on the Application for Release of Presentence Report, and for good cause showing, it is ORDERED that the Presentence Report for Defendant Michael Steven Goldman shall be released to counsel for Defendant, Kathleen Bliss, by the United States Probation Office.

**IT IS SO ORDERED.**

Dated this   7   day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

## CERTIFICATE OF SERVICE

I certify that I am an employee of KATHLEEN BLISS LAW PLLC, and that on this 2nd day of October 2022 I did cause a true copy of:

**APPLICATION AND AFFIDAVIT IN SUPPORT
RELEASE OF PRESENTENCING REPORT TO COUNSEL
WITH PROPOSED ORDER**

To be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action.

s/s *Kathleen Bliss*
Kathleen Bliss Law PLLC